ELIAS C. TRAVLOS, Plaintiff, v. COMMERCIAL UNION OF AMERICA, INCORPORATED, Respondent, Impleaded with M. MORGENTHAU, JR., CO., INC., Appellant.

First Department, July 6, 1926.

Parties — action against respondent insurance broker to recover damages based on negligence in placing marine insurance in pounds sterling instead of dollars — appellant was brought in on ex parte order as third person liable on claim in that respondent engaged appellant to procure said insurance and that its negligence caused damage — answer alleges facts sufficient to constitute cause of action against appellant — waiver of terms of original agreement was matter of defense for appellant to plead — appellant acted as agent of respondent and six-year Statute of Limitations does not apply — Civil Practice Act, § 14, is applicable — claim is one that may be properly interposed under Civil Practice Act, § 193, subd. 2 — objection that appellant was brought in on ex parte order was waived by appearing generally and moving to dismiss cross-claim on stated ground.

In an action to recover damages from the respondent, an insurance broker, based on its negligence in placing marine insurance in pounds sterling instead of in dollars as directed by the plaintiff, the appellant was brought in on an *ex parte* order as a third person liable on the claim, in that the respondent engaged the appellant to procure insurance according to the terms of the agreement, and that the appellant negligently failed to comply with the terms of the agreement but contrary to its terms procured insurance in English pounds sterling, so that by reason of a drop in the rate of exchange, the pounds sterling did not equal the number of dollars of insurance contracted for.

The second amended answer of the respondent alleges facts sufficient to constitute a cause of action in favor of the respondent as against the appellant, since it alleges an undertaking by the appellant properly to procure for the respondent the insurance in question in dollars, and that it negligently failed to do so to

the damage of the respondent in whatever amount the plaintiff might recover from it, and that the agreement between the appellant and the respondent was based on a valuable consideration.

The question of the waiver of the terms of the original agreement between the respondent and the appellant and the acceptance of a performance in a different manner is a matter of defense that must be pleaded and proven by the appellant and it was not necessary for the respondent to anticipate or meet that defense in advance.

The appellant acted as agent for the respondent in procuring the insurance and, therefore, under section 14 of the Civil Practice Act, the six-year Statute of Limitations does not apply.

The claim in question is one that may be properly interposed under subdivision 2 of section 193 of the Civil Practice Act, against a third person, who was not originally a party to the action and, therefore, the appellant was properly brought in under the authority of that subdivision as one who is or will be liable to the respondent wholly or in part for the claim made against it in the action.

The objection that the appellant was improperly brought into the case on an *ex parte* order cannot be considered, since the appearance generally by the appellant and its motion to dismiss the cross-claim against it solely on the ground that it did not state facts sufficient to constitute a cause of action constituted a waiver of that objection.

APPEAL by the defendant, M. Morgenthau, Jr., Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of December, 1925, denying the motion of appellant to dismiss as to it the second amended answer of the defendant Commercial Union of America, Incorporated, and the claim against the appellant therein contained.

*Mortimer Brenner* of counsel [*Nathan Greene* with him on the brief; *Cook, Nathan & Lehman,* attorneys], for the appellant.

*Miles M. Messinger, Jr.,* of counsel, for the respondent.

DOWLING, J. This action was originally brought by Elias C. Travlos against Commercial Union as sole defendant. The complaint, for a first cause of action, alleged that plaintiff was an agent of the Greek government in securing insurance upon goods shipped from the United States consigned to said government and on the freight charges therefor, and that Commercial Union was a New York corporation doing business as exporter and importer and in securing marine insurance for its patrons; that it held itself out and represented itself to the public as engaged in the business of effecting marine insurance and as having the capability of skilled experts in such business; that in or about June, 1918, the plaintiff in his own name, but for the benefit of the Greek government, employed Commercial Union to procure, and Commercial Union, in consideration of such employment and payment by the plaintiff to it of premiums in the sum of $16,584.28,

23

undertook to effect insurance by suitable underwriters upon goods, and for freight charges upon goods, consigned to the Greek government, being then laden or about to be laden upon the vessel *Seguranca* against marine risks for the voyage of said *Seguranca* from New York to Piraeus, Greece, in an amount totaling $175,495; that plaintiff made no designation of any underwriters or company with which such insurance should be effected, but relied upon the skill and ability of Commercial Union, and that by the exercise of reasonable diligence said insurance could have been effected by Commercial Union; that without plaintiff's authority, Commercial Union negligently, unskillfully and carelessly, and in breach of its duty and obligation to plaintiff, failed and neglected to effect such insurance, but in place of such insurance in dollars as aforesaid, effected insurance with British underwriters for £36,946.6.3; that on or about August 3, 1916, the *Seguranca* was wrecked and run aground, and all of the goods lost, and that thereafter the insurers paid to brokers in London the full amount of said insurance, £36,946.6.3, and fully performed their contracts of insurance; that after due remittance to New York collecting brokers of the proceeds thereof in dollars, and the deduction of the charges and expenses of the brokers, the total sum of $121,000.49 was collected and received by the plaintiff, which was all that the plaintiff or the Greek government ever received; that insurance in dollars in accordance with the duty and obligation of the defendant to the plaintiff would have yielded the sum of $175,495, less one per cent collection charges and expenses, or a total net sum of $173,740.05; that by reason of the defendant's negligence and unskillfulness and its failure to effect insurance in accordance with its duty and obligation to the plaintiff, plaintiff was damaged in the sum of $52,739.56, being the difference between $173,740.05 and $121,000.49, with interest from August 3, 1918.

For a second cause of action, plaintiff realleged the contract with Commercial Union whereby Commercial Union, in consideration of employment by the plaintiff and payment of premiums in the sum of $16,584.28, contracted to secure insurance in the sum of $175,495, due performance by the plaintiff, Commercial Union's failure and neglect to procure the agreed insurance, and then, after realleging the other allegations contained in the first cause of action, asked for judgment in the sum of $52,739.56, with interest from August 3, 1918.

On August 13, 1924, on motion of the attorneys for Commercial Union and upon consent of the attorney for the plaintiff, an *ex parte* order was granted, without notice, to appellant M. Morgenthau, Jr., Co., Inc. (hereinafter called the Company), which joined said

Company as a party defendant pursuant to subdivision 2 of section 193 of the Civil Practice Act, and provided that a supplemental summons, copy of the complaint, answer and cross-claim be served upon it, together with a copy of the order, and that it have twenty days thereafter within which to plead thereto. After service of these papers upon the Company, it moved to dismiss as to it the complaint, answer and cross-claim. The motion was granted, with leave to Commercial Union to serve an amended answer containing a claim against said Company. This also was dismissed upon motion of said Company. Finally, Commercial Union was permitted to serve a second amended answer containing its claim against said Company. It is this pleading which is now under consideration.

This second amended answer denies many of the material allegations of the complaint. For its claim against M. Morgenthau, Jr., Co., Inc., it alleges that both Commercial Union and said Company were domestic corporations and that Commercial Union was engaged in the import and export business and that the Company was engaged in business as an insurance broker and was duly qualified as such in marine insurance; that on or about June 1, 1918, Commercial Union was requested by plaintiff to furnish $175,495 of marine insurance upon goods and freight to go by the *Seguranca* from New York to Piraeus, Greece, and that Commercial Union in its turn requested, and for a valuable consideration employed, the Company to procure, and the latter undertook and agreed with Commercial Union to effect in a proper, skillful and diligent manner and to obtain such insurance by suitable underwriters for the plaintiff; that the Company negligently, unskillfully and carelessly and in breach of its duty and obligation to Commercial Union, failed and neglected to effect such insurance, but instead obtained insurance in the sum of £36,946.6.3, which was the equivalent of $175,495 at the rate of exchange of $4.75 existing at the time said insurance was effected. Commercial Union then alleges the shipment of the goods by the *Seguranca* sailing from New York on July 18, 1918, the total loss of the goods by reason of the wreck of the boat on August 3, 1918, the payment by the insurers of £36,946.6.3, which at the rate of exchange existing at the time of payment was $175,495; that Commercial Union, in placing the insurance, relied on the skill, expertness and experience of the Company, and that by reason of the latter's action it was damaged in such sum as plaintiff might recover from it, for which amount it asks judgment against Morgenthau Co.

The Company brought on the motion to be heard upon the pleadings above referred to, the *ex parte* order of August 13, 1924,

pursuant to which it was made a party to the action, and certain affidavits tending to establish that any right of action of Commercial Union against the Company must have accrued more than six years prior to August 15, 1924, the date on which the supplemental summons was served upon the Company, and that the order bringing in the Company as a party defendant was made *ex parte* without any prior notice to it or knowledge by it.

The first objection raised against the claim against Morgenthau Company in the second amended answer, which requires consideration, is that it does not state facts sufficient to constitute a cause of action in favor of the defendant Commercial Union as against its codefendant. I am of the opinion that this objection is untenable. The answer sufficiently alleges an undertaking by the Company to properly procure for the Union the insurance in question in dollars, which it negligently failed to do, to the Union's damage in whatever amount plaintiff may recover from the Union. The allegation is that this employment of the Company was for a valuable consideration and the Company was thus under the duty of acting carefully and of carrying out its instructions as to the form of the insurance effected and the currency in which it was payable. The question of the waiver of the terms of the original agreement between the Union and the Company and the acceptance of performance in a different manner, is for the Company to raise by its pleading to the answer, and is not necessary to be anticipated or met in advance by the plea of the Union.

The second objection to the said claim in the second amended answer is that the claim is barred by the Statute of Limitations. I agree with the conclusion reached by the learned court at Special Term, as follows: " That the relation between the first defendant and the said third party was that of principal and agent or deputy and that said third party was clearly not an independent contractor. Hence the injury complained of resulted from the act or omission of a deputy or agent within the meaning of section 14 of the Civil Practice Act, and when that section is taken with section 193 thereof it should not be deemed to set a limit before which an action can be commenced, but rather a limit after which an action cannot be brought. As section 14 of the said act applies here, the said claim against the said third party is not barred by the Statute of Limitations."

The third objection to the said claim is that it is not one which may properly be interposed in this action under the provisions of section 193 of the Civil Practice Act. Subdivision 2 thereof reads as follows: " Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such

party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper."

Commenting on this provision, Prof. Carmody in the 1924 Supplement to his New York Practice says (at p. 61): " Literally interpreted, the third person sought to be included must be liable to the defendant for the claim made against the defendant in the action, that is for the claim stated in the complaint. Such a construction of the language would restrict the application of the subdivision within very narrow bounds. In fact it is difficult to find a case where such a construction would clearly apply. An action against the master for damages caused by the negligence of his servant might illustrate such a construction, but even there it is not so clear that the servant is or will be liable to the master, for the identical claim stated in the complaint. Plaintiff's claim may be for personal injuries. The master's claim is more likely to be a property damage, whereby the estate of the master is lessened. Other illustrations might be found where such a construction might seem plausible. But it is inconceivable that the Legislature had such sporadic cases in mind when it framed these broad provisions for bringing in third parties. It is more likely that the Legislature intended by such language merely that the third party is or will be liable in whole or in part for the amount represented in a judgment obtained by the plaintiff against the defendant in the action. The cases thus far adjudicated under the subdivision bear out this construction, as will be shown later in this discussion and we shall assume this liberal construction of the word ' claim ' and the phrase in which it occurs to be the correct one in our further treatment of the subdivision under consideration.

" C. Application of.

" In actions, therefore, where the defendant included in the action as originally constituted may hold an omitted party liable in whole or in part, either through the application of the principles of indemnity, contribution, or otherwise, for the claim which the plaintiff makes again him, the omitted party may be brought in as a party defendant in the discretion of the court on the defendant's application and on the defendant's application only.

" Thus, in a contract action, where the buyer of goods sues the seller for damages because the goods are not in conformity with the terms of the contract, the seller thus sued may bring in as an additional defendant the third party who sold the goods to him, provided the terms of the two contracts and the questions arising therefrom are identical. *Payne* v. *British Time 'Recorder Co.* (1921) (2 K. B., 1). (The English statute on this point [Order XVI, Rule 48] is not the same as the New York statute. It is narrower in its application and any case included within its purview will fall within the New York statute. The English statute is, by its terms, limited to cases of contribution and indemnity. Strictly speaking, the case just cited is neither the one nor the other unless these words be given a very liberal interpretation. The English cases have, however, consistently applied the rule to such situations. *Finlay & Co.* v. *Scott & Son,* W. N. [1884], 8; *Jacobs, Hart & Co.* v. *Brown,* W. N. [1884], 23.)

" But where the two sales agreements differ in their terms or where intervening circumstances may have altered the facts under such sales agreements, the defendant may not bring in as an additional defendant the original seller since such third party might not under such circumstances be liable over to the defendant in the action for the claim plaintiff is making against him. *Neuss, Hesslein & Co., Inc.* v. *National Aniline & Chemical Co., Inc.,* 120 Misc., 164; 197 N. Y. S., 808 (Appellate term).

" Likewise, in a tort action against the master to recover for personal injuries caused by the negligence of a servant, the servant will be brought in as a party defendant on the application of the master, for a servant is directly liable to his master for any damage occasioned by the servant's negligence for which the master is liable to another. *Fedden* v. *Brooklyn Eastern District Terminal,* 204 A. D., 741; 199 N. Y. S., 9. So, also, where a plaintiff in an action for damages for negligence makes an employer and an employee co-defendants, the employee cannot thereafter be stricken out as a party over the objection of the employer, where the latter is sought to be held under the *respondeat superior* doctrine. *Bessey* v. *U. S. Shipping Board Emergency Fleet Corp.,* 204 A. D., 641; 199 N. Y. S., 15.

" It makes no difference under the statute that the claim upon which plaintiff is suing is a breach of contract claim and the claim which defendant desires to assert against the third party is based on tort, or *vice versa.* The statute is satisfied if the success of the plaintiff necessarily establishes the main question of fact which the defendant must establish to pass on, in whole or in part, the liability to the omitted third party."

So, in the present case, there is but one main subject-matter — a claim made by plaintiff that marine insurance ordered by him to be taken out payable in dollars was so unskillfully and negligently handled by the defendant Commercial Union that it was taken out in pounds sterling at an amount equal to the then equivalent in dollars, as the result of which, when a total loss occurred and the policy became payable in full and was so paid, owing to the difference at that time in the value of the English pound sterling, plaintiff received over $52,000 less than he would have received had his instructions been carried out. Thus there is but a single claim — a mistake made in effecting the insurance in English pounds instead of American dollars. Plaintiff says the defendant Commercial Union is liable for the mistake; the latter replies that its agent, the Morgenthau Company, with whom it contracted to carry out these very instructions and who must be deemed its agent for that purpose, carried through the whole transaction, made the mistake, and is, therefore, liable for the damage which ensued. Taking plaintiff's claim at its face value, some one must reimburse him for the loss he has sustained, and the only question is, which of the defendants made the mistake which occasioned the loss? The purpose of this provision of the Civil Practice Act was to avoid circuity or multiplicity of actions, and to encourage and authorize the determination of damage and liability in one suit. Before its enactment, plaintiff would have had to sue Commercial Union, which would in its turn have to await the issue of that suit before it could proceed over against its agent to recover back the damages it had to pay plaintiff, caused by its agent's mistake. The present case seems to me one peculiarly suited to the application of the new procedure, and I think the sanction given to it by the learned court at Special Term was proper.

Finally, it is urged that the second amended answer and the claim therein contained should be dismissed as to the defendant M. Morgenthau, Jr., Co., Inc., and service of the supplemental summons upon it vacated upon the ground that the order permitting the service thereof was procured *ex parte* without notice to said defendant. The answer to this objection is that the Morgenthau Company has waived any right it may have had to object either to the manner in which it was brought in or the cross-claim set up against it, by appearing generally in the action and moving to dismiss the cross-claim against it solely on the ground that it did not state facts sufficient to constitute a cause of action, which was in effect a general demurrer.

The rule as laid down in 31 Cyc. 321 is that "A demurrer to a pleading or portion thereof is a waiver of any objection as to the

right to file the same, and of any other irregularities previously committed by the parties or the court." And in 6 Encyclopædia of Pleading and Practice (at p. 338) the rule is again stated, as follows: " It may be stated as a general proposition, that such defects as are merely formal are waived by demurrer upon other grounds, but such defects as are not aided by verdict, and which of themselves upon the record destroy the right of action, or the pleading as a defense, are not waived. Thus a demurrer to a plea, filed without leave of court when such leave is necessary, is a waiver of that objection, or of the objection that it is filed out of time, and a demurrer to a complaint raising no objection on account of a defect of parties is a waiver of such objection, as well as the question of the validity of the summons or process."

It follows that the order appealed from was correctly made and should be affirmed, with ten dollars costs and disbursements, with leave to defendant, appellant, to plead to the second amended answer of the defendant, respondent, upon payment of said costs and ten dollars costs of motion at Special Term.

CLARKE, P. J., MERRELL, MCAVOY and WAGNER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendant M. Morgenthau, Jr., Co., Inc., to plead to the second amended answer of the defendant Commercial Union of America, Incorporated, within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.