In the Matter of the Application of THE CORPORATION COUNSEL OF THE CITY OF NEW YORK for the Appointment of Commissioners of Estimate and Assessment to Ascertain and Determine the Compensation Which Should Justly Be Made to Certain Owners Abutting on Celtic Avenue Legally Entitled to Damage Caused by the Closing of Celtic Avenue, Otherwise Known as Mott's Road and Road to Calvary Cemetery, in the Borough of Queens, City of New York. THE CITY OF NEW YORK and GEORGE P. NICHOLSON, Corporation Counsel, Appellants; IRISH AMERICAN ATHLETIC CLUB, Respondent.— Order confirming final report of commissioners of estimate and assessment reversed upon the law and the facts, without costs, and matter remitted to the Special Term for the appointment of new commissioners for rehearing, upon the ground that the award is excessive. Lazansky, P. J., Kapper and Scudder, JJ., concur; Hagarty and Seeger, JJ., dissent and vote to affirm.

JAMES G. LoDOLCE, Plaintiff, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, and IRVING HOLMAN and MICHAEL FRANZ, Respondents.— Order, as resettled, granting motion of defendants Holman and Franz to dismiss the cross-pleading of defendant United States Fidelity and Guaranty Company modified by allowing defendant United States Fidelity and Guaranty Company to serve an amended pleading changing the word " December " in the 5th paragraph to " September," and as so modified affirmed, without costs. The propriety of serving the cross-pleading pursuant to an order of this court (which is not in this record for review) under section 193 of the Civil Practice Act may not be considered. (*Travlos* v. *Commercial Union of America, Inc.*, 217 App. Div. 352, 359.) The permitting of the United States Fidelity and Guaranty Company to serve a cross-pleading against the defendants Holman and Franz was proper under section 193 of the Civil Practice Act. (*Travlos* v. *Commercial Union of America, Inc., supra;* Carmody's New York Practice [1924 Supp.], 61 *et seq.*) The only questions which may be considered under the notice of motion relate to the legal sufficiency, as such, of the pleading attacked and the claim with respect to the pendency of a prior action involving the same subject-matter. (1) With the substitution of the word " September " for the word " December," as indicated, the pleading is sufficient in law. (2) The United States Fidelity and Guaranty Company is not a party to the prior action, which may, if necessary, on proper motion, be consolidated with this action. Apart from such a consolidation defendants Holman and Franz are not subjected to the hazard of more than one satisfaction of such obligations, if any, that they may be under to the plaintiff LoDolce, or defendant United States Fidelity and Guaranty Company. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

ABRAHAM MILLER, Respondent, v. JULIUS LEVY and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ.