ELIAS C. TRAVLOS, Plaintiff, v. COMMERCIAL UNION OF AMERICA, INCORPORATED, and Another, Defendants.

Supreme Court, New York County, January 7, 1930.

*Zabriskie, Sage, Gray & Todd,* for the plaintiff.

*Stein & Salant,* for the defendants.

Levy, J. The first eight paragraphs of the answer of defendant M. Morgenthau, Jr., Co., Inc., are addressed to allegations of the *complaint* and are, therefore, improper. Said defendant, under the provisions of subdivision 2 of section 193 of the Civil Practice Act, may only plead with regard to the averments of the *answer* served upon it by the defendant Commercial Union of America, Incorporated. Paragraph 15 of the answer is open to the same objection, and the defendant Morgenthau consents that this paragraph as well as paragraph 16 be stricken from the pleading.

The defense sought to be asserted in paragraph 17 has been held insufficient by the Appellate Division on an appeal by Morgenthau from an order denying its motion to vacate an order bringing it in as a codefendant under subdivision 2 of section 193 of the Civil Practice Act (*Travlos* v. *Commercial Union of America, Incorporated,*

217 App. Div. 352, 356). The defense must, therefore, be stricken out as insufficient. The case of *Stroock & Co., Inc.*, v. *Lichtenthal, Inc.* (225 App. Div. 732), cited by defendant Morgenthau, is not an authority for denying a motion to strike out a defense previously held by the Appellate Division to be insufficient in law. In the *Stroock* case the Appellate Division went no further than to declare that the motion to *amend* the answer, so as to set up a defense which had been previously declared insufficient, should have been granted. There was no intimation in the opinion that a subsequent motion attacking the sufficiency of that defense would have had to be denied.

The allegations of paragraphs 18 and 19 of the answer are redundant and unnecessary since their contents are included in subsequent defenses. They are, furthermore, insufficient in law as a separate defense in that there is no allegation that defendant Morgenthau was unable to procure insurance in pounds sterling, *payable at the rate of exchange current at the time of the issuance of the insurance.*

If, as alleged in paragraph 26 of the answer, the policy procured by defendant Morgenthau provided for payment of claims at the rate of exchange current at the time of the issuance thereof, said defendant would appear to have a good defense to the claim asserted against it by defendant Commercial Union of America, Incorporated. The provision for payment at such a rate of exchange would negative any claim of negligence or wrongdoing on the part of defendant Morgenthau. Paragraphs 26 and 27, labeled " For an eighth separate and distinct defense," should, therefore, not be stricken out as insufficient in law.

Apparently, through inadvertence, the pleader has labeled two paragraphs with the same number, viz., 27. The second of these paragraphs and paragraph 28 are denominated " A ninth separate and distinct defense." They add nothing to the previous defense. If defendant Morgenthau procured a policy providing for payment at the rate of exchange current at the time of its issuance, it would not be liable. If, on the other hand, it negligently failed to procure such a policy, the amount alleged to have been voluntarily accepted by the plaintiff would be all that the latter was entitled to receive from the insurers, and the acceptance of that sum by the plaintiff could not absolve the defendant Morgenthau from liability for its negligence. Neither could the acquiescence of the defendant Commercial Union of America, Incorporated, in *any* settlement accepted by the plaintiff estop the *former* from recovering from defendant Morgenthau any loss occasioned by the latter's negligence. There

are no allegations from which it can be inferred that there was any duty on the part of defendant Commercial Union of America, Incorporated, to intervene in the settlement arrived at between the plaintiff and the insurers, nor is there any averment that defendant Commercial Union of America, Incorporated, had any right to participate in the settlement. The charges of acquiescence and waiver are bare conclusions, unsupported by any ultimate facts. The 9th defense must, therefore, be stricken out as insufficient in law.

Paragraph 29 alleges that *whatever sums were due* to the plaintiff or to defendant Commercial Union of America, Incorporated, were duly paid prior to the beginning of the action. This is not equivalent to an allegation that the sums *sued for* were paid and, indeed, defendant Morgenthau concedes in its brief that it does not claim that it ever paid the claims asserted in this action by the plaintiff and the defendant Commercial Union of America, Incorporated. If, as defendant Morgenthau urges, this defense was intended as one of an accord and satisfaction, appropriate allegations to that effect should have been made. The defense interposed in paragraph 29 is insufficient in law and must be stricken from the answer.

For similar reasons, paragraph 30 of the answer is insufficient in law as a plea either of payment or of accord and satisfaction, and it must accordingly be stricken from the pleading.

Paragraph 31 is insufficient in law, in that it contains no allegations from which it might be inferred that defendant Morgenthau had any right to recoup from the insurers any loss which it might sustain by reason of the claims asserted by the plaintiff or by defendant Commercial Union of America, Incorporated. There is no averment that the insurers failed to comply with Morgenthau's instructions and there is, therefore, no basis for assuming that the insurers were under any liability to Morgenthau.

The 32d, 33d, 34th, 35th and 36th paragraphs of the answer are predicated upon provisions of the Insurance Law which took effect on July 1, 1918. The complaint and the claim asserted in the answer of defendant Commercial Union of America, Incorporated, state that the latter was employed by the plaintiff " in or about June, 1918," to procure the insurance in question and there is nothing to indicate that the policy was issued subsequent to the 30th day of June, 1918. If it be the fact that the policy was not issued until after July 1, 1918, it seems to me that defendant Morgenthau should make an allegation to that effect as a basis for invoking those provisions of the Insurance Law which went into effect for the first time on that date. It strikes me that the defenses

contained in paragraphs 32 to 36, inclusive, are insufficient in law because of the absence of such an allegation, and that it is, therefore, unnecessary to consider whether they would be sufficient if the sections of the Insurance Law relied upon were shown to be applicable.

The motion is accordingly granted, to the extent of striking out paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 15, 16, 17, 18, 19 and 27 (comprising part of the 9th defense), 28, 29, 30, 31, 32, 33, 34, 35 and 36 of the answer, with ten dollars costs, with leave to defendant Morgenthau to serve an amended answer within twenty days, on payment of ten dollars additional costs within like period.