CHARLES POLLARO, Appellant, *v.* JAMES BRUTO, Defendant, and ALFRED SALES, INC., Defendant and Third-Party Plaintiff-Respondent. JOSEPH LIUZZO, Third-Party Defendant-Appellant.

Fourth Department, January 13, 1954.

*Clarence G. Pickard* for appellant.

*Charles H. Price* for third-party defendant-appellant.

*Leonard J. Brizdle* for defendant and third-party plaintiff-respondent.

*Leet & Tinkham* for defendant.

*Per Curiam.* As the defendant, third-party plaintiff, has adopted the procedure authorized by former section 193 of the Civil Practice Act (repealed by L. 1946, ch. 971), and has failed to conform to the requirements of section 193-a of the Civil Practice Act, it necessarily follows that the third-party order thus obtained is without statutory authority and, therefore, a nullity.

Moreover, disregarding the defective procedure and treating the amended answer as a third-party complaint, insofar as it asserts a claim against the third-party defendant, Liuzzo, we must dismiss the complaint upon the ground that the claim is not one which may be properly asserted under section 193-a.

Plaintiff's complaint is based upon the alleged conversion by defendant of certain chattels in which plaintiff claims an interest as a bona fide mortgagee. The third-party pleading is predicated upon fraud and alleges that the third-party defendant conspired with another to defraud the third-party plaintiff. The statute requires that the claim asserted against a third-party defendant '' must be related to the main action by a question of law or fact common to both controversies.'' (§ 193-a, subd. 1.) Here, there are no common questions of law or fact, the determination of which can settle both claims. The causes of action contained in the complaint and in the third-party pleading are in no way related. Moreover, as the wrong alleged against the defendant arose, not from any act of the third-party defendant, but solely from the alleged act of defendant in converting the mortgaged chattels to its own use, there can be no liability over from the third-party defendant to the third-party plaintiff for all or part of the plaintiff's claim against the defendant. (*Nichols* v. *Clark, MacMullen & Riley,* 261 N Y. 118.)

In view of the allegations set forth in the moving papers, we agree that the order insofar as it directs an examination before trial of the defendant Bruto and the plaintiff Pollaro as parties is proper. Inasmuch as the so-called third-party order was ineffective to bring Liuzzo in as a party, it follows that it was improper to order his examination as such. His examination as a witness may upon a proper showing be permissible. However, in view of the unorthodox procedure adopted here and in view of the unsatisfactory nature of the defendant's affidavit, we think the application for the examination of Liuzzo should be denied.

The order of April 27, 1953, insofar as it directs the addition of Liuzzo as a third-party defendant, and orders his examination before trial, should be reversed, without prejudice to a further application upon proper showing to examine him as a witness; and the order insofar as it directs an examination before trial of the plaintiff Pollaro and the defendant Bruto should be affirmed. The order of June 24, 1953, denying the relief sought by the third-party defendant should be reversed, and the third-party pleading dismissed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order entered April 27, 1953, insofar as it brings in defendant Joseph Liuzzo as a third-party defendant and insofar as it directs examination of said Joseph Liuzzo reversed on the law

and facts and motion to that extent denied, and otherwise order insofar as appealed from affirmed, without costs of this appeal to any party. Order entered July 6, 1953, reversed on the law and facts, with $10 costs and disbursements to the appellant Joseph Liuzzo, and motion granted, with $10 costs.