William T. Cowin, J.
Motion to dismiss third-party complaint on the ground that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7).
The prime action seeks to set aside a deed given by plaintiff to defendant and to obtain related relief. The basis of the action is the alleged failure of consideration for plaintiff’s signature on the deed. Her complaint alleges that a contract for the sale of a certain parcel of real property was entered into between “ dave ellenberg and ethel ellenberg (doing business as Bensonhurst Realty Co.) ” as seller and defendant’s assignor as purchaser. The contract was signed by Dave Ellenberg who is plaintiff’s husband but not by Ethel Ellenberg, the plaintiff. Title to the property proved to be not in Bensonhurst Realty Co. but in the names of Dave Ellenberg and Ethel Ellenberg, individually. At the closing of title the plaintiff refused to sign the deed until she was offered and accepted the sum of $3,750 which was paid to her by certified check. Defendant stopped payment of the certified check and plaintiff, claiming that this constituted a failure of consideration, seeks to set aside the deed.
The prime defendant served a third-party complaint naming as defendants the plaintiff in the prime action, her husband and their attorney in the transaction. The basis for the third-party complaint is the claimed fraud and misrepresentation on the part of the third-party defendants in inducing the third-party plaintiff to enter into the contract with Bensonhurst Realty Co. as seller, knowing the title to the property was in the name of the Ellenbergs individually. The third-party complaint seeks judgment for any sum that may be recovered by the prime plaintiff in the action against the prime defendant and additionally for the sum of $150,000 and interest should the prime plaintiff be successful.
Section 1007 of the Civil Practice Law and Rules permits a defendant to proceed by third-party complaint against a person not a party, ‘1 who is or may be liable to him for all or part of the plaintiff’s claim against him ”.
The underlying theory of third-party practice is that if defendant is liable to plaintiff and if the third-party defendant is the cause of the liability, the third-party defendant should pay the judgment. The prime defendant may also deny all liability and allege in the alternative that if he is liable, it is the third-party defendant’s fault. (See Brady v. Weiss & Sons, 6 A D 2d 241; Ganley v. Kahn, 31 Misc 2d 856; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 10-84.)
*1080 The question presented is: Does section 1007 of the Civil Practice Law and Rules differ so substantially from section 193-a of the Civil Practice Act, from which it was derived, that third-party practice has been materially changed and thus the above-stated theory is no longer applicable?
Section 193-a of the Civil Practice Act contained the clause that the third-party complaint ‘ ‘ need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff.” This language was deleted as unnecessary from section 1007 of the Civil Practice Law and Rules without intending any change in the practice (Final Report of Advisory Committee on Practice and Procedure [Advanced Draft, 1961], p. A-338).
The draftsmen of the Civil Practice Law and Rules also deleted from section 1007 of the Civil Practice Law and Rules the requirement contained in section 193-a of the Civil Practice Act that the claim against a third-party defendant ‘ ‘ must be related to the main action by a question of law or fact common to both controversies ’ \
In view of these deletions, third-party practice under section 1007 of the Civil Practice Law and Rules requires no identity between the original and third-party claim. The practice is further liberalized under section 1007 as the court may permit entirely new questions of law and fact in the claim-over in the exercise of its discretion under rule 1010 of the Civil Practice Law and Rules.
The test remains, however, whether the third-party defendant may be liable to the third-party plaintiff for all or part of the plaintiff’s claim against the third-party plaintiff. It is not enough that the two claims arose out of the same set of facts. The liability of the third-party defendant must arise from the liability of the defendant to the plaintiff. (Cf. Unger v. Horowitz, 17 A D 2d 807; see, also, 2 Weinstein-Korn-Miller, op. cit., pp. 10-88, 10-89, 10-90.)
It has been held that where the matter set forth in the third-party complaint would, if established, completely negate liability to the original plaintiff or present an independent basis for liability against the third-party defendants without showing any liability of such party for any part of the claim set forth in the original action, the third-party complaint should be dismissed. (Verder v. Schack, 90 N. Y. S. 2d 801, and cases therein cited; Central Budget Corp. v. Perdigon, 32 Misc 2d 655 [App. Term, 1st Dept.]; Chase Nat. Bank v. Battat, 277 App. Div. 49.)
It may very well be that the allegations set forth in the third-party complaint, if established, would be sufficient to negate any *1081 liability to the original plaintiff. However, there is nothing in the third-party complaint which leads to the conclusion that the plaintiff’s husband or attorney were responsible for the defendant’s negotiating for the plaintiff’s signature on the deed or for the defendant’s stopping payment of the check which he delivered to her.
The wrong alleged against the defendant in the prime complaint, namely, the stopping of payment of the $3,750 check did not arise from any act of the third-party defendants. (Pollaro v. Bruto, 283 App. Div. 209.)
The defendant may have a good defense against the complaint, it may have a good independent cause of action against the third-party defendants, but there is no liability over from the third-party defendants to the third-party plaintiff for its having stopped payment on the $3,750 certified check.
The court is fully aware of the line of decisions advocating a liberal interpretation of third-party complaints and indicating a reluctance to dismiss said complaints in their pleading stage. (Cf. Putvin v. Buffalo Elec. Co., 5 N Y 2d 447; DeLilli v. Niagara-Mohawk Power Corp., 11 A D 2d 839, 840.)
However, in this matter the court is of the opinion that the third-party complaint analyzed and interpreted in the light of the cases and authorities cited clearly fails to meet the test for proper and permissible third-party pleading. It is apparent that the third-party complaint seeks relief not encompassed within the scope of section 1007 of the Civil Practice Law and Rules. To temporize under such circumstances would only place an unnecessary burden on the third-party defendant as well as on the plaintiff. (Cf. Crofoot v. Bloomer, 11 A D 2d 632, affd. 9 N Y 2d 892; Berg v. Town of Huntington, 7 A D 2d 860, affd. 7 N Y 2d 871; Lambert v. Pratt, 14 A D 2d 181; 2 Weinstein-Korn-Miller, op-cit., p. 10-105 and cases there cited.)
While the third-party complaint is improper, the court is not required to dismiss it but in its discretion may make such order as may be just (CPLR 1010).
There are common questions of law and fact involved in the prime and third-party actions which are sufficient to warrant consolidation pursuant to section 602 of the Civil Practice Law and Rules. In view thereof the motion to dismiss the third-party complaint is disposed of as follows:
The third-party complaint is treated as a complaint in an independent action by the third-party plaintiff against the third-party defendants and the actions are consolidated for the purpose of trial.