Bernard S. Meyer, J.
Third-party defendant Depot Construction Corporation moves to dismiss the county’s third-party complaint. Plaintiff in the main action against the county is the Norman Company, Inc., which contracted with the county to install a sprinkler system as part of the construction of the Patterson Home. In its action against the county, Norman seeks to recover damages for delay resulting from the failure of the county to co-ordinate the work of the contractors, to submit drawings on schedule, to approve drawings within required times, or “ to require the other prime contractors, and particularly the contractor for general construction, to submit the required progress schedules and/or to adhere to its progress schedule ”. Depot was the contractor for general construction, and the county’s third-party complaint alleges that Depot failed to co-ordinate its work with Norman and other prime contractors, failed to submit drawings within required time and failed to “ submit required progress schedules and/or to adhere to its progress schedule ”.
Under its contract Norman agreed “to make no claim for damages for delay * * * occasioned by any act or omission to act by the County or any of its representatives. ’ ’ The Norman complaint was dismissed on the basis of that provision, but the Appellate Division reversed (27 A D 2d 936), noting that the quoted clause would not absolve the county if a trial demonstrates that it had ‘ ‘ actively or willfully interfered with plaintiff contractor’s performance ”, though the county would be exculpated if, ‘1 after trial,, the proof shows no unwarranted interference * * * and due diligence in co-ordinating supervision over the work of all the artisans employed ” in the project.
Depot now moves to dismiss the third-party complaint on three grounds: (1) the county cannot recover over in a case in which it can be held liable to Norman only for active interference, (2) the county by letter dated December 4,1961 granted Depot on extension of time, thereby acknowledging that the causes of delay were beyond Depot’s control, and thus defeating the claim over, and (3) the third-party complaint is legally insufficient on its face. The motion is denied.
Under its contract with the county, Depot obligated itself to co-ordinate its work with that of other contractors (Article 11) and agreed to indemnify the county from claims arising out *967 of ‘ ‘ any act of commission or omission of any nature whatsoever of either the County or the contractor ” (Article 43). While the claim over pleads only the first obligation, the county’s brief argues the second as well. Since the Statute of Limitations does not begin to run on the Article 43 claim until the county pays whatever judgment Norman may obtain against it (Musco v. Conte, 22 A D 2d 121), the county will be allowed in the interest of avoiding multiple suits to amend to state such an additional cause of action, if it be so advised. Depot’s obligations under both articles are, therefore, considered in the discussion that follows.
The active-passive cases upon which Depot’s first point is based are inapplicable, because the county’s claim over is upon its contract with Depot, not for implied indemnity. The rule that active conduct will defeat recovery over applies only when indemnity rests upon the concept that as between the person claiming indemnity and the person from whom it is claimed, the latter is ‘ ‘ primarily liable ’ ’ to the injured third person (see Fladerer v. Needleman, 30 A D 2d 371, 373). If in such a case the liability of each arises from active conduct, neither is primarily liable and there can be no recovery over because the basis upon which the law implies the right to indemnity does not exist. When, however, what the claimant over seeks to enforce is his rights under his contract with the third-party defendant, it is the contract provisions that determine recovery (Kurek v. Port Chester Housing Auth., 18 N Y 2d 450). Though a contract ‘ ‘ will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms ” (Thompson-Starrett Co. v. Otis Elevator Co., 271 N. Y. 36, 41), this is because “it is unnatural that one would agree to indemnify another,, when he would otherwise be under no such legal obligation ’ ’ (Kurek v. Port Chester Housing Auth., supra, p. 456), not because there is any policy of law that the active or willful breach of another contract forecloses recovery by a claimant over on his contract with the third-party defendant. While at first blush Vander Veer v. Tyrrell (27 A D 2d 958, on second appeal 29 A D 2d 255) may seem contrary to that conclusion, its negligence setting and the fact that the contractual claim over, there dismissed, was for breach of an implied rather than an express contract provision sufficiently distinguish it from the instant case.
Depot’s second argument is that by the extension letter of December 4, 1961 the county acknowledged that the causes of delay were beyond Depot’s control and, therefore, will not now be heard to say otherwise. The letter, however, makes no refer *968 ence to the contract, and Depot’s papers do not sufficiently demonstrate that the letter was issued under Article 12 of the contract for the court to say that there is no triable issue of fact. Moreover, the letter has no bearing on Depot’s obligation under Article 43, which covers not only acts of Depot but of the county as well.
The contention that the third-party complaint is legally insufficient turns on the interpretation of CPLR 1007, which describes an allowable claim over by a defendant as one ‘1 against a person * * * who is or may be liable to him for all or part of the plaintiff’s claim against him”. Do the quoted words require that the liability of the third-party defendant result from the same acts as that of the defendant, or simply that the third-party defendant be responsible to defendant for the damages which the main action plaintiff may recover from defendant? (See Hejza v. New York Cent. R. R. Co., 230 App. Div. 624, 626; or, as Professor Carmody put it in relation to what was then section 193 of the Civil Practice Act: “ for the amount represented in a judgment obtained by the plaintiff against the defendant in the action ” [New York Practice (1924 Supp.) 61], as quoted in Travlos v. Commercial Union of Amer., 217 App. Div. 352, 357.) For the answer to that question the legislative history of CPLR 1007 must be examined.
Because restrictive interpretation had almost emasculated the then subdivision 3 of the then section 193 of the Civil Practice Act, that provision was, on recommendation of the Judicial Council (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 192), .repealed in 1946 and a new section 193-a enacted. The new section contained not only the words quoted above from CPLR 1007 but also an additional sentence: ‘ ‘ The claim against such person, hereinafter called the third-party defendant, must be related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff.” The new section, said the Judicial Council (p. 207), “would make it clear that the permissibility of impleader should not depend upon any legalistic test of identity between the two causes of action, but rather upon the existence of one or more substantial issues of law or fact common to both controversies * * * Thus, the same test of convenience which has proved so useful in the field of permissive joinder of parties would replace the present mechanical test of ‘ identity. ’ ” A footnote made clear that the test of convenience referred to was that stated in the then section 209 of the Civil Practice Act, *969 and now contained in substance in CPLR 1002 (subd. [a]): “in whom any right to relief * * * is alleged to exist * * * where # * * any common question of law or fact would arise ’ ’.
As first proposed, the CPLR provision was substantially identical with section 193-a of the Civil Practice Act (First Preliminary Report of the Advisory Committee on Practice and Procedure; N. Y. Legis. Doc., 1957, No. 6 [b], p. 41). As finally adopted, the last clause of the sentence added in 1946 to the Civil Practice Act provision was deleted as unnecessary, and the first clause of that sentence was omitted because “ Were the sentence literally applied it would prevent the impleader of contract indemnitors since in such cases the only question is one of liability under the contract of indemnification and this is not really a question of fact common to the main controversy ” (Advisory Committee on Practice and Procedure, Sixth Report, Senate Finance Committee; N. Y. Legis. Doc., 1962, No. 8, p. 159). In view of the reason expressed by the Senate Finance Committee revisors it cannot be implied that a return to the pre-1946 interpretation was intended, even though the effect of their actions was to delete the entire sentence added in 1946. To the contrary, it seems clear that CPLR 1007 was intended to be broader in scope than section 193-a of the Civil Practice Act. Since the claim over need neither rest upon the same cause of action or the same ground as the claim against the third-party plaintiff nor be related' to the main action by a common question of law or fact, it must follow that the true test is simply whether the third-party defendant may be liable to defendant-third-party plaintiff, for whatever reason, for the damages for which the latter may be liable to plaintiff.
To go further and require that the liability of the third-party defendant must arise from the liability of the defendant to the plaintiff (Horn v. Ketchum, 27 A D 2d 759; Ellenberg v. Sydharv Realty Corp., 41 Misc 2d 1078; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1007.05) is to limit the statutory language unduly. It is equally as desirable in terms of avoiding multiplicity of suits that a claim against a third-party defendant, which will be made in consequence of a judgment against defendant on the main complaint, be tried together with the main complaint, though it does not in any legal sense arise from the liability of defendant to plaintiff. Impleader of such claims has been allowed (Merritt v. Rhodes, 232 App. Div. 422; Bernstein v. N. V. Nederlandsche-Amerikaansche, 173 F. 2d 71; see 3 Moore’s Federal Practice, pars. 14.07, 14.10). Of course, if the nexus *970 between the claim over and the main complaint is so remote that impleader will unnecessarily burden the third-party defendant or the main action plaintiff, dismissal as a matter of discretion may be sought under CPLE 1010. But when there exists between the parties to the claim over a legal relationship that will sustain a cause of action for the damages for which the third-party plaintiff may be liable to the plaintiff, the claim over should not be dismissed as legally insufficient simply because the connection between the liability over and the main complaint liability is not direct. A sufficient relationship between the controversies exists when the acts of third-party defendant have exposed defendant to judgment for damages for which the third-party defendant can be required to answer to defendant (B.M.C. Mfg. Corp. v. Tarshis, 278 App. Div. 266, 269, mot. for lv. to app. den. 278 App. Div. 986).
The conclusion thus reached is consistent with the broad view of CPLE 1007 adopted in Lenzer Corp. v. Aetna Cas. & Sur. Co. (20 A D 2d 305); (see Krause v. American Guar. & Liab. Ins. Co., 22 N Y 2d 147, 153) and is supported by the direction in CPLE 104 for liberal construction to secure ‘ ‘ just, speedy and inexpensive determination”. It is also sustained, at least as to cases involving “ a common question of law or fact ” by the use of those words in CPLE 602 as the criterion for consolidation, for it hardly seems reasonable to suppose that the Legislature intended to exclude, as a claim over, a controversy which can be joined with the main action controversy through the simple expedient of bringing a separate action and then moving for consolidation (cf. Ellenberg v. Sydharv Realty Corp., 41 Misc 2d 1078, supra; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1010.06).
The crux of Depot’s .argument is that what Norman seeks to hold the county for was the responsibility of the architect rather than of Depot, the general construction contractor. Though that be true, it is also true that part of what the architects failed to do was to require Depot to submit and adhere to progress schedules. This was one of the causes, though not the direct cause, of the liability for which recovery from the county is sought by Norman, and proof of Depot’s delays will be required in the trial of the main action. The claim over as presently pleaded is, therefore, sufficient (Eastern States Elec. Contrs. v. City of New York, 29 A D 2d 747,. mot. for preference granted 22 N Y 2d 972 [semble]). Moreover, a claim over based on the indemnity provision (Article 43) of the Depot contract will, if pleaded by the county, likewise be sufficient, in view of the Senate Finance Committee amendment of CPLE 1007 referred to above.
*971 A short-form order has, accordingly, been signed denying the motion to dismiss and, on the court’s own motion granting the county leave, if so advised, to amend its complaint over to include a cause of action based upon Article 43.