■ GEORGE GROSS, as Commissioner of the City of New York Department of Social Services, Respondent, v LENA DeMEGLIO, Appellant and Third-Party Plaintiff-Appellant. BILLY KOCHONIES et al., Third-Party Defendants-Respondents.—Order, Supreme Court, New York County (Burton Sherman, J.), entered January 14, 1988, which dismissed the third-party action and canceled the notice of pendency filed by third-party plaintiff, is unanimously reversed, on the law and facts, and the third-party action and notice of pendency are reinstated, without costs or disbursements.

The primary action in this matter was commenced in or about January 1986 by plaintiff-respondent Commissioner of Social Services against defendant and third-party plaintiff-appellant, Lena DeMeglio, to recover $63,934 representing an amount of public assistance funds which the Department of Social Services paid to DeMeglio during a period in excess of 15 years. DeMeglio admits that the public funds were fraudulently obtained, and alleges that the moneys were used to purchase a house located at 223 11th Street, Brooklyn, New York, together with her then-lover, third-party defendant-respondent, Billy Kochonies. As part of the fraudulent scheme described by DeMeglio, title to the house was placed in Kochonies' name to avoid detection, and the two lived together in the subject premises while Kochonies held himself out to the Department of Social Services to be DeMeglio's landlord.

By 1982, after more than a decade of monthly mortgage payments which DeMeglio asserts were made by her and Kochonies with public assistance funds, the mortgage on the subject house was satisfied, and the relationship between DeMeglio and Kochonies had begun to deteriorate. When Kochonies threatened to evict her, DeMeglio commenced an action to impose a constructive trust on the property and to obtain a determination that she was a co-owner thereof. In 1985, that action was resolved by stipulation of settlement pursuant to which DeMeglio agreed to relinquish all claims to the premises in exchange for payment to her by Kochonies in the amount of $40,000, to be paid in $20,000 installments. To date, Kochonies has paid $20,000, and the Department of Social Services has, pursuant to the primary action herein, attached the second $20,000 payment owed by Kochonies to DeMeglio.

As DeMeglio was about to commence the third-party action against Kochonies for indemnification, she learned that title to the property had been transferred to his stepdaughter, Laurie Bell. Alleging a fraudulent conveyance of property,

DeMeglio included Bell as a third-party defendant. Bell moved below to dismiss the third-party complaint as against her pursuant to CPLR 3211, asserting that there was no fraudulent conveyance and that she owed no liability to the initial plaintiffs. This appeal challenges the order of the lower court which granted Bell's motion and dismissed the third-party complaint against her on the ground that even if third-party defendant Bell was liable to DeMeglio due to an alleged fraudulent conveyance of the premises, such liability is separate from the claim of the primary plaintiff against DeMeglio. We reverse.

CPLR 1007 permits a defendant to bring an action "against a person not a party who is or may be liable to him for all or part of the plaintiff's claim against him". It has long been held that one of the main purposes of third-party practice is " 'the avoidance of multiplicity and circuity of action, and the determination of the primary liability as well as the ultimate liability in one proceeding, whenever convenient' ". *(Krause v American Guar. & Liab. Ins. Co.,* 22 NY2d 147, 153, quoting from 11th Ann Report of NY Jud Counsel, at 58.) This salutary goal can be achieved through a broad and liberal utilization of impleader and, for this reason, third-party practice "has grown beyond its early limitations and should now be seen primarily as a tool for economical resolution of interrelated lawsuits." *(Cohen Agency v Perlman Agency,* 51 NY2d 358, 365; *see also, Norman Co. v County of Nassau,* 63 Misc 2d 965, 970 [Bernard Meyer, J.], where it was observed that "when there exists between the parties to the claim over a legal relationship that will sustain a cause of action for the damages for which the third-party plaintiff may be liable to the plaintiff, the claim over should not be dismissed as legally insufficient simply because the connection between the liability over and the main complaint liability is not direct.") Thus, impleader is available even if the impleaded party owes no duty whatsoever to the primary plaintiff. *(Garrett v Holiday Inns,* 58 NY2d 253, *modfg* 86 AD2d 469; *BBIG Realty Corp. v Ginsberg,* 111 AD2d 91, 93.)

In the case at bar, DeMeglio has been sued by the Department of Social Services for the return of public funds which she claims have been used to purchase the subject premises together with third-party defendant Kochonies. As such, the property is the fruit of the alleged improper conversion of public funds, and any fraudulent conveyance thereof is highly relevant to and interrelated with the economical resolution of the primary action.

Accordingly, the order of the court below is reversed, and the third-party complaint and notice of pendency reinstated. Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.