## SUPREME COURT.

### WIES AND WIFE agt. SIDNEY FANNING.

Hypothetical, or *de bene esse* pleading is not allowable. For instance, such allegations as these : " If any ditch or trench was dug, it was done without the knowledge, &c. ;" or, " If said Fanny fell therein, it was in consequence of her own fault, &c. ;" or, " If such ditch or trench was dug, it was well and sufficiently guarded, &c."

It is entirely unnecessary for the defendant, in his answer, to assert the converse of a proposition, which the plaintiff must establish affirmatively before he can recover.

Wies and wife agt. Fanning.

Several matters contained in the answer in this case, struck out as irrelevant and redundant.

*Albany Special Term, Aug.* 1854.—Motion to strike out, &c.

The complaint states that the defendant, being the owner of certain premises in Albany, through his agents or servants, dug a ditch or trench, near said premises, extending across the sidewalk into the highway, and carelessly permitted the ditch or trench to remain open and uncovered, without fixing or placing any light near the same ; and that, in consequence of such negligence and carelessness, the plaintiff's wife, in passing along the street, accidentally fell into the ditch or trench, and thereby was greatly hurt, &c.

The answer, after denying each and every allegation in the complaint, proceeds to say, that, "if any such ditch or trench was dug, it was done without the knowledge, consent, or direction of the defendant ;" and that, "if the plaintiff's wife fell therein, it was in consequence of her own fault and negligence, and carelessness, and want of proper care, on her part ;" and that "said ditch or trench, if dug, was well and sufficiently guarded, barricaded, and secured ; that it was dug for the purpose of introducing water from the water-works, and under and by virtue of a permit from the Albany Water-Works Company, according to law ;" and that a suit had been commenced by the plaintiff's against one Amos Fanning for the same cause of action, and that judgment had been recovered in that suit.

The plaintiffs moved to strike out the whole of the answer, except so much as denies the allegations in the complaint, as irrelevant, redundant, hypothetical, and insufficient.

THOMAS SMITH, *for plaintiffs.*
L. TREMAIN, *for defendant.*

HARRIS, Justice.   It is impossible to say how many defences the pleader, by whom this answer was prepared, supposed he had, or intended to state.   There is nothing to indicate where he intended one defence should end, or another begin.   Some of the allegations, too, are obnoxious to the objection that they are made hypothetically.   It is not good pleading to say, " if

Wies and wife agt. Fanning.

any ditch or trench was dug, it was done without the knowledge, &c. ;" or, " if said Fanny fell therein, it was in consequence of her own fault, &c. ;" or, " if such ditch or trench was dug, it was well and sufficiently guarded." (See *Van Santvoord's Pl.* 201, and cases there cited.) The defendant's counsel supposes that the recent case of Butler agt. Woodworth (9 *How.* 282) may be considered as an authority in support of such conditional pleading. But, I apprehend no one would be more surprised than the learned judge who delivered the prevailing opinion in that case to find it employed for such a purpose. The opinion is not preceded, as is usual, with a statement of facts. What the pleading before the court was in fact, we can only infer from the reasoning of the court in their opinions. The action was for slander; and it seems, from the first paragraph of the dissenting opinion of Mr. Justice CLERKE, that the defendant had first denied the allegations of the complaint; and then had alleged, in a second defence, matter of justification. The question discussed by the court, and decided, is, whether the two defences were inconsistent. In the correctness of the decision I entirely concur; but the question of hypothetical or *de bene esse* pleading does not seem to have been thought of by the court. It evidently was not in the case. When Mr. Justice ROOSEVELT, referring to the answer, said the defendant had first denied making the charge, and then, secondly, had said, " If I did, the charge was true;" he evidently referred to the practical effect of the pleading, and not to any conditional form of expression.

But there are still other objections to that portion of the answer embraced in this motion, which are equally fatal to its validity as a pleading. The plaintiff had alleged, in his complaint, that the defendant, through his agents or servants, had dug the ditch. The allegation, being material, and having been put in issue by the general denial in the answer, must be proved, before the plaintiff could recover. If proved, it would be quite immaterial whether the ditch was dug " without the knowledge, consent, or direction of the defendant " or not. This allegation, therefore, to say the least of it, was redundant.

So, too, of the next allegation, that, if the said Fanny fell therein, it was in consequence of her own fault, &c. The plaintiffs, before they can recover, will be obliged to establish the fact that the accident occurred without any fault on the part of the wife. It may be that the complaint is defective for the want of a sufficient allegation to this effect; but, however this may be, it was entirely unnecessary for the defendant, in his answer, to assert the converse of a proposition which the plaintiffs must establish affirmatively, before they can recover.

The statement in the answer, that the ditch was well and sufficiently guarded, barricaded, and secured, was wholly unnecessary. The plaintiffs had alleged that the defendant had carelessly, &c., permitted the ditch to remain open, &c. This allegation had been controverted by the general denial. The affirmative allegation that the ditch had been well and sufficiently guarded, &c., did not require any more proof on the part of the plaintiffs, or authorize the defendant to give any more proof than if it had been omitted. It is obviously redundant.

The fact that the ditch was dug for the purpose of introducing water from the water-works, and under and by virtue of a permit, is entirely immaterial. Whether the allegation of such a fact remains in the answer or not, the defendant would not be allowed to give evidence of a matter so entirely irrelevant upon the trial.

Nor is the fact that a judgment has been recovered against another person for the same injury a defence to this action. If the plaintiffs are able to establish their cause of action against the defendant, he is not to be excused because another person has been found liable for the same injury, unless he can also show that the plaintiffs have received satisfaction from such other person.

The motion must, therefore, be granted with costs.