Monell, J.
The first objection to the answer is that it is hypothetical; that the defendant seeks to avail himself *680 of a defect of parties only in the event of the plaintiff’s proving a hiring, or a promise by the defendant.
The first answer to this objection is, that it is not available upon demurrer. (Ketcham v. Zerega, 1 E. D. Smith, 553; Wies v. Fanning, 9 How. Pr., 543.)
The second answer is, that pleading a hypothesis, as it is pleaded in this case, is not objectionable. Pleas totally inconsistent with each other are not a novelty. The “general issue,” (which denied the making,) and payment or infancy, release, accord and satisfaction, statute of limitations, either of which admitted the making, and went only in avoidance, were always allowed—indeed, were necessary to enable the defendant to set up either of those two defenses. The Code, instead of abridging these characteristic pleas, has enlarged the right to plead as many defenses as the defendant may have. (Code, § 150, sub. 2.) Hence, in slander he may deny the uttering and justify. (Butler v. Wentworth, 9 How. Pr., 282.) It is, I believe, the constant and uniform practice to allow a defendant, with a general denial, to set up any new matter in avoidance of the plaintiff’s cause of action, and which, by admitting the cause of action, is inconsistent with the general denial.
But matter in avoidance must be specially set up by answer. (Wies v. Fanning, 9 How. Pr., 543; McKyring v. Bull, 16 N. Y. R., 297.)
A defendant in order to avoid need not confess. He has a right to put the plaintiff to Ms proof, and is not to be shut out of Ms defense because the proof is strong enough to charge Mm. He has the right to say,. I deny your alleged cause of action against me, but if you shall succeed in proving it, still I am not liable, because, &c. TMs view is in accordance with Ketcham v. Zerega and Wies v. Fanning, sivpra.
The remaining objection is to the substance of the new matter set up in the answer.
The answer does not, in terms, aver that the persons named as being justly liable with the defendants, are liv *681 ing persons; but the allegation that they “all reside in the City of Hew York,” it seems to me, is a sufficient averment that they are living persons.
The Code, in abolishing form, and requiring substance to be stated in a pleading, has left the pleader to use such language, expressive of his meaning, as he may deem proper. In this case “reside” is equivalent to and synonymous with “live” or “living,” the use of either of which words would be sufficient.
I must, therefore, hold the averment to be sufficient.
' Judgment for the defendants upon the demurrer, with costs.