HENRY A. URQUHART, surviving partner, plaintiff in error, *vs.* D. E. POWELL, defendant in error.

1. Under the decisions in *53d Georgia, 160,* and *52d Ibid., 567,* there was no error in the refusal of the court to set aside the verdict on the ground that there was no evidence showing a partnership.

2. If, in a partnership to work a farm, it is agreed that each partner is to supply and pay for his portion of the labor, and a laborer, who is contracted with and furnished by one of the partners, has knowledge of such agreement, he cannot recover against the partnership for his services rendered as a laborer on the farm.

3. Where one is sued as a surviving partner, and by plea denies the partnership, he may, under the provisions regulating pleadings in this state, further plead that if a partnership did exist, the plaintiff was and is indebted to the firm, and set up such counter-indebtedness as a set-off against plaintiff's demand, and such second plea is not demurrable either on the ground of duplicity, or that it is hypothetical.

Partnership. Contracts. Pleadings. Before Judge BUCHANAN. Coweta Superior Court. September Term, 1874.

Powell brought complaint against Urquhart as the surviving partner of the firm of Urquhart & Powell, composed of said defendant and Thomas R. Powell, now deceased, on the following account:

"URQUHART & POWELL, TO D. E. POWELL,     DR.

| | | |
|---|---|---:|
| 1870.—For ditching | | $ 50 00 |
| " work and labor on gin-house | | 30 00 |
| " work and labor in raising crop during the year 1869, the value of three bales of cotton | | 345 00 |
| 1871.— " four hundred boards | | 12 00 |
| " work and labor on house | | 20 00 |
| " work and labor in raising a crop during the year 1870, the value of three bales of cotton | | 330 00 |
| 1872.— " work and labor in raising a crop during the year 1871, the value of three bales of cotton | | 330 00 |
| | | $1,117 00 |

The defendant pleaded as follows: 1st. The general issue. 2d. No partnership. 3d. That if there ever was any such partnership, the plaintiff was indebted to said firm, before the commencement of the suit, for provisions, board, washing, etc., for the years from 1869 to 1872, inclusive, $576 00; for money furnished to him, $350 00, and $400 00 for the one-half of twelve bales of cotton taken and sold by the plaintiff, making in the aggregate $1,376 00, all of which he pleads as a set-off. 4th. That the plaintiff is indebted to the defendant individually in the sum of $665 00, as follows:

| | |
|---|---:|
| To six bales of cotton, weighing five hundred pounds each, at twenty cents | $600 00 |
| To use of gin-house and screw | 40 00 |
| To one cow and calf | 25 00 |
| | $665 00 |

This he also pleads as a set-off.

On motion of the plaintiff the third plea was stricken, and the defendant excepted.

From the voluminous testimony the following facts may be gathered: Thomas R. Powell married the sister of the defendant. One Smith desired to sell a tract of land. The defendant told Powell that he would furnish the money to buy the land and they would farm together; that he, defendant, would furnish an equal number of hands, and equal number of stock, and half the supplies; that Powell should pay him rent for half the land cultivated, superintend the farm, and they would divide what was made; that when Powell paid him for one half of the land he would make him a title and the rent should cease. This was agreed to by Powell. The farming thus commenced. Amongst the labor furnished by Powell was that of the plaintiff, his son, who was fully informed as to the terms of the foregoing contract. After the death of Powell, William Powell and the plaintiff went to defendant and said that they were to work with their father and get half the land when paid for. William Powell asked defendant if he was willing to abide the contract made with

Urquhart *vs.* Powell.

his father. Defendant replied that he was, on condition that they paid for the land.

It is deemed unnecessary to incorporate here all the evidence as to the terms under which the plaintiff was employed by his father, as to the various items of the above account, and as to admissions made by the defendant in reference to a partnership existing between him and Powell.

The jury found for the plaintiff $520 00 with interest and costs of suit. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in striking the third plea of the defendant.

2d. Because the court erred in charging the jury, "that a joint interest in the partnership property, or a joint interest in the profits and losses of the business, constitutes a partnership as to third persons; or a mutual and joint interest in the partnership property, or in the profits and losses of the business, constitutes a partnership as to third persons," there being no evidence to sustain the same, and no evidence that there was any partnership property.

3d. Because the verdict was contrary to the law and the evidence.

The motion was overruled, and the defendant excepted.

Douglass & Turner; J. B. S. Davis; A. W. Hammond & Son, for plaintiff in error.

P. H. Brewster; P. F. Smith, for defendant.

Trippe, Judge.

1. As to the question of partnership raised in this case, it comes within the decisions of *R. R. & D. Adams vs. Cater*, 53*d Georgia*, 160, and *Hollifield & Company vs. White, executrix*, 52 *Georgia*, 567. There was no error in the refusal of the court to set aside the verdict and grant a new trial on the ground that there was no evidence showing a partnership.

2. Was Urquhart liable to the plaintiff (defendant in error,)

for his wages as a workman or laborer on the plantation as a farm hand? If Urquhart and Thomas R. Powell contracted between themselves that each was to furnish and pay for the laborers he supplied, and the plaintiff was aware of that agreement, he cannot recover against the partnership for his claim, and of course not against Urquhart, as the surviving partner. Section 1908 of the Code is, "third persons are bound by no stipulations among the partners themselves, unless actual notice of such stipulation be proven prior to their action." This is an old principle of the common law: Story on Part., sec. 130, *et seq.* If he has notice he is bound.

3. Was there error in the judgment of the court striking the third plea of defendant? The first plea was the general issue. The second denied the partnership. The third plea was in the alternative that if there was a partnership, then plaintiff was indebted to the firm, and the indebtedness was set forth. The court struck this plea. We are fully aware that, by the strict rules of pleading at common law such a plea would be demurrable: Steph. Pl., 275, 277, 387; 1 Ch. Pl., 539. But should this rule obtain in all its stringency under our present system? Would it not impose oftimes a disability on a conscientious defendant (and all ought to be such,) that would bar him from setting up an honest defense? Take this case. The defendant had filed a plea denying that there was a partnership. This he had a right to do, and doubtless did it honestly. And the facts given out in the testimony might well produce a difference of opinion amongst good lawyers as to whether they did really show that he and Powell were partners. He made oath to that plea. The law required him to swear to it, as well as all other issuable defenses. Had he then been required, in setting up the plea of set-off, to state that plaintiff was indebted *to the partnership* a certain account, would he not have had the right to complain that the law put a hard burden on him to require him to make a further oath that looked as if it were directly in the teeth of the other, to-wit: that he must swear to an indebtedness as due a *partnership*, which he had just denied on oath

.existed.    We can see no harm that will result from recognizing that the rules of law should be so construed that parties shall not be required to violate their consciences in order to be heard in the courts.    Better sacrifice or modify somewhat of the strict logical symmetry of the technical rules of special pleading than to require all conscience to be laid aside in their observance.    In this state, special pleading is abolished, and many of its old hard rules should go with it.    In *Bryan vs. Gunn*, 27 *Georgia*, 380, it was said: "Every defendant, under our system of pleading, is entitled to answer according to the truth of his case, without regard to technical rules.    And to avail himself of this privilege he is not bound to spread a lie upon the record.    Amongst other things, the judiciary act of 1799 was intended to do away with this demoralizing system of the common law."    The case under consideration more strikingly exhibits the necessity of liberalizing the old rules, since all pleas must now be sworn to than the one in which those remarks were made.    No possible damage can come to the plaintiff by allowing the plea in the form it was filed to stand, unless it be that sort of damage that follows by rebutting his claim with one equally as binding on him as the one he asserts against the defendant.    That will be for the jury to decide under the evidence.

Judgment reversed.