GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of the EQUITABLE CASUALTY AND SURETY COMPANY, Plaintiff, *v.* H. ROBERT BURNEY and Others, Defendants.*

Supreme Court, New York County, July 12, 1932.

*Martinson & Pickholtz,* for the plaintiff.

*A. C. Bennett,* for the defendants.

COLLINS, J. The defendant Martinson assails the legal sufficiency of the complaint. The plaintiff, Superintendent of Insurance, acting for the Equitable Casualty and Surety Company, in process of liquidation, seeks to recover damages by virtue of a liability having become fixed under a bond of the Equitable Casualty and Surety Company given to the Actors' Equity Association, which

---

* Affd., — App. Div. —.

bond guaranteed payment of certain salaries and expenses that might become due to certain actors and performers in connection with a production to be known as " The Padlocks of 1927."

Cotemporaneous with the execution of the bond, the defendants indemnified the Equitable Surety Company in various amounts " in the event that the Equitable Surety Company should sustain a loss by reason of furnishing a bond to the Equity Association for a production to be known as ' The Padlocks of 1927 ' with Texas Guinan as a Star." The complaint, after preliminary allegations, asserts that the producers of the theatrical enterprise " failed to comply with the terms and conditions of the said bond and failed to make payment of certain salaries and other expenses." The significant allegation then follows: " that a claim has been duly made by the said Actors' Equity Association on the plaintiff, and the liability of said plaintiff on the said bond has been fixed." The complaint concludes with the allegation that " by reason thereof plaintiff has been damaged in the sum of $15,000," for which judgment is asked against the defendants in various amounts.

Concededly, the agreement sued on is one of indemnity. The legal issue presented by this motion is whether the mere fixing of the liability is a sufficient predicate for the assessment of damages against the indemnitors. The plaintiff insists that to fasten liability upon the indemnitors no further or other action is necessary, whilst the moving defendant insists that an actual loss must be shown. *Brown* v. *Mechanics & Traders' Bank* (43 App. Div. 173) succinctly distinguishes between an agreement to indemnify against liability and an agreement to indemnify against actual loss. It is there stated: " In a case of a contract to indemnify against liability there is a breach of the contract the moment the liability is imposed upon the party to be indemnified, and a cause of action at once arises which entitles the obligee to maintain an action to recover for the breach, but that right arises because of the fact that there was a breach of contract. In the case of a contract to indemnify against loss, however, it cannot be said that there is a breach of contract until the obligee has sustained damage. That has been the settled law of this State since *Gilber* v. *Wiman* (1 N. Y. 550). * * * This case has been followed by a long line of cases, and has never been questioned."

In *Trinity Church* v. *Higgins* (48 N. Y. 535) the law is tersely stated: " The rule may be definitely drawn from numerous cases that where indemnity only is expressed damages must be sustained before a recovery can be had." (*Maloney* v. *Nelson*, 144 N. Y. 182; *Norris* v. *Reynolds*, 131 App. Div. 818.)

I cannot perceive that the complaint connects the allegation

that " the liability of said plaintiff on the said bond has been fixed," with the immediately following conclusion that " by reason thereof plaintiff has been damaged in the sum of $15,000," sufficiently to fix liability under the indemnity agreement, which expressly contemplates the sustaining of a loss before liability of the indemnitors arises.

I am constrained to conclude, therefore, that the complaint does not sufficiently state a cause of action. Accordingly, the motion to dismiss is granted, with leave to the plaintiff to amend within ten days if he so elects.