LILA POLSTEIN, by JACQUES POLSTEIN, Guardian ad Litem, Respondent, *v.* PHILIP L. SMITH and Others, Doing Business as BARBOUR & Co., Appellants.

First Department, January 19, 1934.

*Albert S. Bard* of counsel [*Bard & Calkins,* attorneys], for the appellants.

*David Morgulas* of counsel [*M. Carl Levine,* attorney], for the respondent.

MARTIN, J. The guardian *ad litem* of Lila Polstein, an infant about four years of age, brought this action against the defendants, who are stockbrokers, to recover damages in the sum of $20,950.

The complaint alleges that the infant was a customer of the defendants and charges them with failure to execute her order to sell. There are three causes of action set forth in the complaint, namely, breach of contract, negligence and conversion.

The amended answer denies the material allegations of the complaint and alleges as a first defense that the plaintiff is not the real party in interest; that the account was originally opened by her father; that he changed the account to the name of his daughter, Lila Polstein, for his convenience; that the account still belongs to the father.

The second complete defense and counterclaim alleges that the account was not sufficiently margined and was closed out; that there was a debit balance of $1,361.08 due the defendants from their customer; that if the plaintiff can show that the change of name constituted a real transfer of the account to the plaintiff, then she owes the defendants the balance due on the account. It is to be observed that the defendants ask that the complaint be dismissed as against them and for an affirmative judgment on the counterclaim only in the event that it be determined that the infant is the owner of the account. Therefore, no counterclaim is asserted against the adult. The plaintiff moved to strike out the second affirmative defense and counterclaim. The motion was granted.

We are of the opinion that defendants should be permitted to plead what they assert are the true facts. In this case the defendants say that the only way to plead the true facts is in the manner set forth in the answer, and that they should not be compelled to allege that the four-year-old child is the owner of the account and have it used on the trial as an admission against them, when they believe that the father is the owner.

If the defendants are correct in their contention that the father is the owner, they should not be compelled to make oath to the contrary. They should be permitted to plead that contention, and in that manner be protected in the event that it should be held that the infant was the owner and the father her agent only. A somewhat similar situation may be found in pleading a cause of action where the pleader does not know which one of two parties was the principal and is liable. The plaintiff in such a case has been permitted to plead the true facts and thus protect himself when it is determined which defendant is liable. (*Jamison* v. *Lamborn*, 207 App. Div. 375.)

The defendants contend that irrespective of the ownership of the account, whoever is the owner is indebted to them to the extent of $1,361.08, with interest from October 24, 1929. Because of the peculiar circumstances of this case, the defendants should be permitted to so plead.

In *Brown* v. *Ryckman* (12 How. Pr. 313, 316) the court said: " He does not know whether the plaintiff is the owner or not; but if he is, then there is a defense, and so he tells his story. It is a very natural sequence to the statement of his doubt on the subject, and that doubt, of course, he has a right, and when his conscience is appealed to is obliged, to entertain. * * * Thus it seems that the defendant could not place his defenses before the court in any other mode than the one adopted from the necessities which the new system has created; and had the alternative of

admitting what might not be true, and so jeopardise his rights or brave his conscience, and assume to be false a fact alleged of which he was ignorant. This may often be the position of the defendant, in which his rights are not to be restricted, limited, or controlled by any arbitrary rule, not of pleading but of verification, which is the true question in these cases under the Code."

In *Ketcham* v. *Zerega* (1 E. D. Smith, 553) the court said: " I quite agree with numerous cases in which it is held that hypothetical pleading is objectionable. (*Porter* v. *McCreedy*, 1 Code R. N. S. 88; *Lewis* v. *Kendall*, ib. 402; *Sayles* v. *Wooden*, ib. 409.) But I do not agree that there are not cases in which the defendant may be permitted to answer in an hypothetical form, and indeed in which, being called upon to answer under oath, he can, as a conscientious man, answer in that form only, without waiving one or more of his defenses, and this under section 150 (which expressly authorizes a defendant to set up as many defenses as he may have), he cannot be required to do."

In *Hutchinson Land Co., Inc.*, v. *Whitehead Brothers Co.* (127 Misc. 558, 561; affd., 218 App. Div. 682 [3d Dept.]) it was said: " A defendant cannot be required, as a condition of averring new matter, to make an admission of the facts alleged which shall preclude him from denying them on the trial. A plea in avoidance is not necessarily deemed to include a confession. In order to avoid, a defendant need not confess. He has a right to put the plaintiff to his proof. (*Taylor* v. *Richards*, 9 Bosw. 679.) A defense may be hypothetically predicated upon a fact alleged in the complaint."

The Supreme Court of the State of Georgia had a similar proposition before it in the case of *Urquhart* v. *Powell* (54 Ga. 29), and it said: " We can see no harm that will result from recognizing that the rules of law should be so construed that parties shall not be required to violate their consciences in order to be heard in the courts."

In *Taylor* v. *Richards* (9 Bosw. 679) the court said: " The Code, instead of abridging these characteristic pleas, has enlarged the right to plead as many defenses as the defendant may have. (Code, § 150, sub. 2.) Hence, in slander he may deny the uttering and justify. (*Butler* v. *Wentworth*, 9 How. Pr. 282.) It is, I believe, the constant and uniform practice to allow a defendant, with a general denial, to set up any new matter in avoidance of the plaintiff's cause of action, and which, by admitting the cause of action, is inconsistent with the general denial."

We know of no rule of pleading which says that one may not set up the true facts but must state what he believes are not the

facts, or that one must plead in such a manner that his defense may be used against him, with the result that because he could not plead the true facts he must be subjected to liability.

The order granting plaintiff's motion to strike out the second affirmative defense and counterclaim should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to plaintiff to reply within ten days after service of order on payment of said costs.

FINCH, P. J., O'MALLEY. TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the plaintiff to reply within ten days from service of order upon payment of said costs.