Benjamin Brenner, J.
Motion by the individual defendant to dismiss the cross complaint of defendant Metropolitan Life Insurance Company for legal insufficiency and on the further ground that it is improperly interposed.
The complaint is in negligence and contains two causes. The first is against defendant Kahn, alleging that plaintiff was injured as a result of being struck by an automobile owned, *857 operated and controlled by said defendant. The second cause is against defendant Metropolitan Life Insurance Company, hereinafter referred to as “ Met ”, and alleges that Kahn was then operating the automobile for the use and benefit of Met, that it was under the control of Met which 11 failed to maintain the said motor vehicle in a proper condition for safe driving ”. Met’s answer consists of general denials and a cross complaint against Kahn, alleging ownership, operation and control of the vehicle by Kahn and further alleging that if plaintiff sustained injuries from negligence other than his own, they were sustained “by reason of the primary, active and affirmative negligence of the defendant ” Kahn and that if any recovery is had by plaintiff against Met, Kahn will be primarily responsible and liable over to Met.
The main complaint thus alleges both passive and active negligence on the part of Met — passive negligence in that, as employer, it was liable to plaintiff on the theory of “ respondeat superior ”, and active negligence in that it controlled said vehicle and failed to maintain it in a proper condition for safe driving. If defendant Met is held liable solely on the ground of passive negligence it has a claim over against defendant Kahn. (See Bush Term. Bldgs, v. Luckenbach S. S. Co., 11 A D 2d 220, 224, revd. on other grounds 9 N Y 2d 426; Opper v. Tripp Lake Estates, 274 App. Div. 422, affd. 300 N. Y. 572; Kriulko v. Dykstra, 80 N. Y. S. 2d 435; Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N. Y. 461.)
The fact that Met in its answer denies any liability to plaintiff does not bar a claim for indemnity. “ There is no rule of law which prevents a defendant from denying the allegations of the complaint and then pleading that, if he is nevertheless held liable to the plaintiff, it will be on a ground that entitles him to recovery over against another defendant. Such hypothetical pleading is the only way in which sections 264 and 193-a of the Civil Practice Act can properly be utilized.” (Brady v. Weiss & Sons, 6 A D 2d 241, 244.)
The cases relied upon by defendant Kahn are either inapposite in their facts or distinguishable in law. His motion is denied.