W. T. GRANT Co., Appellant, *v.* UNEEDA DOLL COMPANY, INC., Respondent.

First Department, October 22, 1963.

*John Nielsen* of counsel (*Thomas O. Perrell* with him on the brief; *Perrell, Nielsen & Stephens,* attorneys), for appellant.

*Harold M. Foster* of counsel (*Morris Zweibel* with him on the brief; *Irving Segal,* attorney), for respondent.

*Per Curiam.* This is an appeal from an order which granted defendant's motion to dismiss the complaint for failure to state a cause of action, and from the judgment entered thereafter on said order.

Prior to December 23, 1958, plaintiff purchased a quantity of toy dolls from defendant, a manufacturer of dolls, for resale to the general public. Plaintiff alleges in its complaint the dolls were warranted of merchantable quality, free of defects or injurious ingredients and that plaintiff relied thereon. Plaintiff alleges further, that in February, 1961, an action for damages was instituted against it in the Connecticut courts on behalf of an infant who was allegedly injured December 23, 1958, while playing with a doll purchased from plaintiff and which plaintiff had purchased from defendant. An earring of the doll allegedly sprang into the infant's eye, causing damage.

The complaint continues — plaintiff denied the allegations of the Connecticut complaint " but if " injuries were caused as a result of any wrongdoing other than the negligence of the plaintiff, " then " such injuries were caused by defendant's breach of warranty. And if any recovery is had against plaintiff, defendant " will be liable " to plaintiff.

Special Term considered the complaint as stating a cause of action in indemnity and dismissed it because of no claim of payment or allegation of a decree or judgment fixing liability upon the plaintiff.

On appeal, plaintiff urges error, contending this is an action for breach of implied warranty and the cause of action accrued upon the sale.

An action for breach of implied warranty does accrue at the time of sale or receipt of the goods, for at that time there must exist the defect and the right to assert a claim (*Liberty Mut. Ins. Co.* v. *Sheila-Lynn, Inc.,* 185 Misc. 689, affd. 270 App. Div. 835, mot. for lv. to app. den. 270 App. Div. 893; *Outwater* v. *Miller,* 215 N. Y. S. 2d 838; Personal Property Law, § 150). For an implied warranty of quality is neither a prospective warranty nor a continuing one which will remain operative until

the actual breach is discovered (*Liberty Mut. Ins. Co.* v. *Sheila-Lynn, Inc., supra*). And it has been held that a seller cannot be liable for consequential damages for which a third party was responsible (cf. *Ellen* v. *Heacock*, 247 App. Div. 476).

The difficulty with the complaint here is that it does not unequivocally assert a present breach or claim. It makes an allegation of possible breach conditioned upon future events, not present circumstances. The courts have heretofore generally frowned upon hypothetical pleadings (cf. *Lazar* v. *Steinberg*, 269 App. Div. 760). Such pleadings fail to inform a party of the dereliction with which it is presently charged, and could well lead to confusion in pleading. However, the courts have not been adamant in their position. They have permitted a defendant to plead hypothetically for its own protection due to the peculiar circumstances of a particular case (*Polstein* v. *Smith*, 239 App. Div. 724, 725). There the defendant brokers in an action for damages for failure to execute an order to sell, brought by the father as guardian ad litem of a four-year-old infant, were permitted to plead in their second defense and counterclaim " that if the plaintiff can show  *  *  *  a real transfer of the account  *  *  *  then she owes  *  *  *  the balance due on the account " (cf. *Lonsdale* v. *Speyer*, 249 App. Div. 133 [alternative pleading]).

While the new Civil Practice Law and Rules continue the requirement that every pleading shall contain plain and concise statements (CPLR, rule 3014) formerly required by section 241 of the Civil Practice Act, it goes even further. The present rule, effective September 1, 1963, provides " Causes of action or defenses may be stated alternatively or hypothetically " (CPLR, rule 3014). Such pleadings " are subject to the requirement of honesty and good faith " (3 Weinstein, Korn & Miller, New York Civil Practice, par. 3014.12).

The facts alleged in the complaint indicate the good faith and honesty of the plaintiff which at this state of the action does not know if, factually, there was a breach of implied warranty. The existence or nonexistence of the breach at this time is a fact, only the requisite knowledge or awareness on the part of the plaintiff is lacking. That plaintiff may entertain a doubt on the subject should not preclude pleading what it asserts are the true facts, and which are all, in good conscience, that it can plead (cf. *Polstein* v. *Smith*, 239 App. Div. 724, *supra*).

While the present pleading was prior to the effective date of the new rule, such hypothetical pleading is now permitted. The obvious and expressed tendency is toward liberalization in pleading and construction (CPLR, § 104). The conditional hypothesis

" but if " the injuries were not sustained by negligence, " then " such injuries occasioned by the breach of implied warranty would seem sufficient under the new rule. If that be so, and it is, there is no practical reason why such rule should not be presently applied, rather than modifying to grant leave to replead.

The order appealed from should be reversed on the law, the facts and in the exercise of discretion, with costs to appellant.

EAGER, J. (dissenting). I would affirm. Very definitely, on the face of the complaint, the cause pleaded is one for indemnification in the event that in the future there is a recovery against the plaintiff in the pending action brought against it on behalf of the injured infant, but, as appears from the complaint, a cause for indemnification has not yet accrued. As an action based on such a cause, it is premature and not maintainable. (See *Corbetta Constr. Co.* v. *Driscoll Co.*, 17 A D 2d 176, 180; *City of Rochester* v. *Campbell*, 123 N. Y. 405, 413; *Satta* v. *City of New York*, 272 App. Div. 782; *Van Schaick* v. *Burney*, 145 Misc. 887, 888, affd. 237 App. Div. 812.)

The mandate under the Civil Practice Law and Rules for liberal construction of pleadings and the provisions therein authorizing the statement of causes of action hypothetically cannot save this complaint. (CPLR, rule 3014.) Even on the basis of a most liberal construction, the complaint may not be sustained as one stating a cause of action for a presently existing breach of warranty. The complaint was not framed for this purpose; and, in any event, there is no proper allegation of such a breach nor is there any proper allegation of damage flowing from such a breach.

Nor may the complaint be sustained as within the permissible area of hypothetical pleading. Rather than the proper example of the hypothetical pleading of a presently existing cause, the claim pleaded here is made dependent upon a future event which may or may not happen. To allow an action to be instituted upon such a claim runs counter to the fundamental principles barring actions upon unmatured claims. (See 1 C. J. S., Actions, § 127.) There are statutory exceptions authorizing hypothetical cross claims and third-party claims in a properly maintainable action (see CPLR, §§ 1007, 3019, subd. [b]) but I know of no statute providing for an independent action on an unmatured claim over. Furthermore, an independent action based on such a claim would be required to be held in abeyance and, thus, is at variance with our statutes and rules providing for the expeditious and orderly processing of actions for trial and disposal.

BREITEL, J. P., McNALLY, STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; EAGER, J., dissents in opinion.

Order and judgment reversed, upon the law, the facts and in the exercise of discretion, with costs to appellant, and the motion to dismiss the complaint denied.