Richard D. Simons, J.
Defendant moves for an order dismissing the complaint of the plaintiffs for failure to state a cause of action.
The complaint alleges that prior to the 27th day of August, plaintiffs negotiated with the defendant and one of defendant’s distributors (Paper-Pak, Inc.) for the purchase of certain takeout container cups to be used in conjunction with a supply of covers owned by the plaintiffs at that time. The cups were manufactured by the defendant and delivered to the plaintiffs by Paper-Pak. Plaintiffs charge a breach of express and implied warranties by defendant with respect to the cups, that the plaintiffs notified the defendant of their refusal to accept the same and the defendant refused to take back the cups. Plaintiffs stored the cups at their own cost and expense. The cups were later destroyed by fire.
On August 19, 1963 the distributor, Paper-Pak, Inc., brought an action against the plaintiffs for the purchase price of the containers in the amount of $557.50 in the Supreme Court, Onondaga County, and the plaintiffs appeared by answer. That case is at issue but has not been tried.
Plaintiffs ’ complaint then alleges that ‘1 if the defendant’s distributor, Paper-Pak, Inc., recovers damages from the plaintiffs ” in that separate action “ then such damages were caused by defendant’s breach of warranty ”, and in the event any recovery is had against plaintiffs by Paper-Pak “ the defendant will be liable to the plaintiffs in that amount.”
Plaintiffs demand judgment against the defendant in the amount of $188 with interest, for storage of the cups and secondly, that plaintiffs have judgment over and against the defendant in the amount of any judgment recovered by Paper-Pak, Inc., in its separate action against plaintiffs.
The complaint seeks relief by way of indemnification from the defendant. The cause of action for indemnification has not yet accrued since plaintiffs have paid nothing to Paper-Pak, Inc. (Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214; Corbetta Constr. Co. v. Driscoll Co., 17 A D 2d 176.) Neither does the complaint state a cause of action for breach of warranty because the plaintiffs have not alleged any damages resulting from Paper-Pak’s action.
*1070 Plaintiffs argue that by reason of the recent case of W. T. Grant Co. v. Uneeda Doll Co. (19 A D 2d 361) and rule 3014 of the Civil Practice Law and Rules allowing hypothetical pleadings, the complaint must be sustained.
In the Grant case there was a jurisdictional problem with the main action being brought in the State of Connecticut. That problem does not exist here but insofar as the determinative facts in the Grant case are similar to those here, I am constrained to disagree with the reasoning of that decision.
It is true that even before the adoption of rule 3014 of the Civil Practice Law and Rules, the courts have, on occasion, allowed hypothetical pleadings. (Cf. Polstein v. Smith, 239 App. Div. 724; R. & L. Goldmuntz Sprl v. Fischer, 57 N. Y. S. 2d 489.) They have done so reluctantly however, and the Grant case notwithstanding, I find no other case where it has been allowed in a separate action as a substitute for impleader. The case of American Home Assur. Co. v. Botto (31 Misc 2d 277) expressly holds that third-party practice does not permit liability over to be asserted in an action separate from the main action.
The purpose of section 1007 of the Civil Practice Law and Rules allowing impleader is to avoid circuity and multiplicity of lawsuits and to encourage the expeditious determination of all claims at once with the least expense to the parties involved. It is also a protective device to prevent inconsistent verdicts which might well result by separate lawsuits on the question of liability over. Adoption of the rule in Grant (supra) does not avoid circuity of action, it promotes it. One of the primary purposes of the revision of our practice statutes was to encourage the prompt disposition of claims and eliminate court congestion by liberal practice in respect to trying issues together. That desirable aim is not accommodated by approving separate third-party actions in cases like the present one.
I cannot agree with the First Department that the purpose of rule 3014 of the Civil Practice Law and Rules allowing hypothetical pleading, was to initiate a substitute for impleader or actions sounding in indemnity. That section is more readily justified as a statutory recognition of court decisions attempting to protect pleaders in those particular actions such as may occur where a pleader is unable to positively state a fact without making a damaging admission against his interest. A defendant has commonly been allowed to plead a general denial and then hypothetically assert new matter in avoidance. (Cf. Polstein v. Smith, supra; R. & L. Goldmuntz Sprl v. Fischer, supra, and numerous libel and slander actions where *1071 defendant denies making the statement but affirmatively pleads truth.) There are doubtless many other situations where the necessity of hypothetical pleading would arise. In fact, in impleader or cross-claim actions, hypothetical pleading is not only permissible, but usually necessary. (Ganley v. Kahn, 31 Misc 2d 856.) Plaintiffs’ remedy is by impleader or by suit for indemnification after their liability has become fixed.
Plaintiffs ’ complaint seeking recovery of damages for storage expenses states a valid cause of action and as to that part of the complaint, the motion is denied. It would seem advisable that this cause of action be removed to a court of limited jurisdiction.
Plaintiffs’ complaint, insofar as it seeks liability over against the defendant for indemnification by reason of some future liability attaching to it after the determination of the PaperPak case, fails to state a cause of action and the defendant’s motion to dismiss the same is hereby granted, without prejudice.