Jasen, J.
(dissenting). I believe it is unfair and violative of the spirit of Dole v. Dow Chem. Co. (30 N Y 2d 143) to deny the defendants an opportunity to assert their claims for apportionment of damages. Accordingly, I would reverse the orders of the Appellate Division and reinstate the third-party complaints.
Preliminarily, it should be observed that in order to invoke the doctrine of res judicata, there must be a final judgment on the merits. (See Bannon v. Bannon, 270 N. Y. 484, 489.) Where there is no judgment upon which to predicate res judicata, as here, but merely an order entered on a motion to dismiss for failure to state a cause of action, the doctrine of res judicata is inapplicable. Significantly, the prime action was still pending when the second third-party complaints were sought to be interposed. Consequently, the prior determinations dismissing the original third-party complaints were, at best, law of the case, rather than res judicata. As such, the intervening change of law announced in Dole was ample reason for disregarding the prior dismissals based on allegations of active negligence in the main complaint and allowing interposition of the Dole claims for apportionment. *
Then, too, since we have held that the Dole rule applies to cases pending at the appellate level at the time Dole was decided (Kelly v. Long Is. Light. Co., 31 N Y 2d 25, 29, n. 3), it follows that it should likewise apply to actions commenced and pending at the trial level. Indeed, the Dole principle of equitable loss apportionment is so fundamental that it warrants retroactive application in a pending case even in which, as here, the effect .may be to defeat the purposes underlying the doctrine of former adjudication and the policy against extending the time to appeal.
*449 Indeed, wooden application of these rules in impleader practice works an anomalous result. These defendants — third-party plaintiffs are in effect penalized for choosing impleader rather than an independent action to enforce their Dole rights. Had they awaited final judgment in the prime action and then brought an independent indemnity action, unquestionably they would have been entitled to a Dole apportionment. I cannot ascribe to such an unjust result.
But more fundamentally, the court holds, in effect, that the defendant’s indemnity action is barred before it accrued. The decision is at once at war with the very nature of impleader practice and illustrates that the application of traditional notions of former adjudication is unwarranted in this context.
Dole creates a substantive right to apportionment of damages among joint or concurrent tort-feasors without regard to the degree or nature of fault, in effect, a cause of action for indemnification where none existed before. (Kelly v. Long Is. Light. Co., supra, at p. 29.) But the cause of action does not accrue until payment of the judgment. (Musco v. Conte, 22 A D 2d 121, 126; see, also, Ann., 20 ALR 2d 925, 927.) Impleader is merely the procedural vehicle by which a cause of action for indemnification may be asserted before it actually accrues. But the third-party complaint has no independent existence apart from the prime action. (Morey v. Sealright Co., 41 Misc 2d 1068, 1070; American Home Assur. Co. v. Botto, 31 Misc 2d 277; but cf. Grant Co. v. Uneeda Doll Co., 19 A D 2d 361, affd. without opn. 15 N Y 2d 571; see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3014.12, especially at p. 30-275.) Its purpose is to merely avoid circuity of action and multiplicity of lawsuits and to encourage economic and expeditious determination of all claims at one time. (Kelly v. Yannotti, 4 N Y 2d 603, 606; Krause v. American Guar. & Liab. Ins. Co., 27 A D 2d 353, 355, affd. 22 N Y 2d 147; Morey v. Sealright Co., supra.) Consequently, as a general rule, at any time during the pendency of the prime action, a defendant should be permitted to seek an apportionment of damages. (CPLB1007; see Liebman v. County of Westchester, 71 Misc 2d 997, 1001, revd. on other grounds 41 A D 2d 756.) It follows that in these transitional cases where there has been a prior dismissal of a third-party complaint based on allegations of active negligence in the main complaint, *450 service of a new third-party complaint should be allowed based on the intervening change of law announced in the Dole decision. (See Glickson v. Smith, N. Y. L. J., Dec. 7, 1972, p. 2, cols. 2-3; cf. Moreno v. Galdorisi, 39 A D 2d 450, 453; see, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.62, at pp. 30-482.63-30-482.64; McLaughlin, N. Y. Trial Prac., N. Y. L. J., March 9, 1973, p. 4, col. 3; Siegel, Practice Commentaries, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3019.75, p. 303.) Such a course, in my opinion, is “ pragmatically sound, as well as realistically fair ” (Kelly v. Long Is. Light. Co., 31 N Y 2d 25, 29, supra) and more closely comports with the spirit of the Dole decision.
Chief Judge Breitel and Judges Gabrielli and Wachtlbr concur with Judge Jones; Judge Jasen dissents and votes to reverse in a separate opinion in which Judges Rabin and Stevens concur.
Orders affirmed, without costs.

 At any rate, to treat the prior dismissals, based on mere allegations of active negligence in the main complaint, as res judicata is manifestly unfair considering that the main complaint is drawn without any thought whatever of the defendant’s rights against third parties. (Cf. Dole v. Dow Chem. Co., supra, at p. 147.)