Emmett J. Schnepp, J.
This action arises out of the construction of the Wilson Commons Building owned by defendant Dormitory Authority at the University of Rochester. The authority entered into an agreement with the Wager Construction Corp. for the general construction work and Wager subcontracted the masonry work to plaintiff. A labor and material payment bond for the project was executed by Wager as principal and the American Empire, General Reinsurance *397 and Ohio Farmers insurance companies as sureties, in which the authority was the designated obligee. A separate action was instituted by plaintiff against the sureties on the bond for work performed and materials supplied to the project for which it has not been paid.
In its complaint against the authority, plaintiff alleges that the sureties in the action pending against them have pleaded, by way of affirmative defense, that the authority made material changes in the contract without the consent or authorization of the sureties, which were of such a nature as to constitute a release or abandonment of - the original written agreement. The sureties maintain that these changes discharge them from all obligations under the payment bond. Plaintiff contends that if the sureties are successful in establishing this affirmative defense, then the authority has breached the suretyship agreement so as to discharge the sureties of their obligations to claimant. Plaintiff claims that the authority’s breach makes it derivatively and conditionally liable to plaintiff for its damages. Plaintiff contends that it does not seek to infer any rights from the construction contract between Wager and the authority, which expressly negates any contractual liability between the authority and any subcontractor.
Before the court is a motion by the defendant to dismiss the complaint upon the ground, among other things, that it fails to state a cause of action. The authority alleges that it has no obligation under the surety agreement to make payment to any claimant. Furthermore, defendant contends that plaintiff is precluded from recovery against the authority since there is no privity of contract between the parties.
The authority is the obligee on the surety bond which is for its benefit, as well as the benefit of unpaid claimants. The authority has no obligations to perform under the bond. The labor and material bond specifically provides that every claimant, who has not been paid in full within the time limitations of the bond, may sue thereon for the sums as may be justly due. Furthermore, it states that the authority shall not be liable for the payment of any costs or expenses of any such suit. In this context, plaintiff may bring an action as third-party beneficiaries against the sureties.
However, no privity of contract exists between plaintiff and authority, which would serve as a basis for any claim against authority. (See Schuler-Haas Elec. Corp. v Wager Constr. *398 Corp., 57 AD2d 707.) There is nothing pleaded or present in the record from which the court can infer any obligation or responsibility on the part of the dormitory authority to pay plaintiff or be responsible for the payment of its claim, or hold that the third-party beneficiary doctrine applies.
The motion of defendant to dismiss is granted.