■ AREA MASONRY, LTD., Appellant, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent.—Order and judgment unanimously affirmed, without costs. Memorandum: Plaintiff, a subcontractor engaged by Wager Construction Corporation, the general contractor, in the construction of a building at the University of Rochester owned by the defendant, Dormitory Authority of the State of New York, claims over a half a million dollars is owed to it as a result of material and services furnished to the project under its contract with Wager. In an effort to collect this amount it commenced the instant action against the defendant, which moved at Special Term to dismiss plaintiff's complaint on the ground that it failed to state a cause of action (CPLR 3211, subd [a], par 7), Special Term granted defendant's motion. Initially, plaintiff commenced an action, still pending, seeking recovery against three insurance companies which had issued payment and performance bonds on behalf of Wager and designating the defendant Dormitory Authority as obligee. The sureties in that action raised as an affirmative defense the fact that there had been material changes made in the general contract by defendant which resulted in their (the sureties') release. Therefore, plaintiff commenced this action alleging hypothetically, as he may (see *Grant Co. v Uneeda Doll Co.,* 19 AD2d 361, affd 15 NY2d 571), that if the sureties are ultimately discharged by reason of the defendant's modification of the general contract, the authority should be directly liable to it *pro tanto.* We affirm because there is no view of the facts under which the defendant owner may be held liable to plaintiff. Where the surety's obligation under the payment bond is both for the benefit of the owner and of laborers and materialmen, as it is here, "two tripartite relationships are created: one including owner as creditor, contractor as principal, and the surety; the other made up of the surety, the laborers and materialmen as creditors with the contractor as principal" (Restatement, Security, § 165, comment *b)* and "The obligation of the principal and the surety to the plaintiff materialman, upon their bond, is separate and independent from their obligation, if any, thereon to the owner, the named obligee" *(RKG, Inc. v United States Fid. & Guar. Co.,* 292 NC 668, 678). Thus, plaintiff, as a subcontractor and materialman, has an independent and enforceable right as a beneficiary upon the bond *(McClare v Massachusetts Bonding & Ins. Co.,* 266 NY 371). The defendant, as designated obligee on the bond, has no power to discharge the surety's duty to plaintiff whether by release, extension of time to the general contractor, breaches of its own duties, or by agreeing upon changes in the general contract (4 Corbin, Contracts, § 799; *RKG, Inc. v United States Fid. & Guar. Co., supra; Equitable Sur. Co. v McMillan,* 234 US 448; *Getchell & Martin Lbr. & Mfg. Co. v Peterson & Sampson,* 124 Iowa 599; *Standard Asphalt & Rubber Co. v Texas Bldg. Co.,* 99 Kan 567; *Doll v Crume,* 41 Neb 655; *Aetna Ind. Co. of Hartford v Indianapolis Mortar & Fuel Co.,* 178 Ind 70; *Pennsylvania*

*Supply Co. v National Cas. Co.,* 152 Pa Super 217; 17 Am Jur 2d, Contractor Bonds, § 16). Although the Dormitory Authority's conduct in changing the terms of the general contract might have the effect of releasing the sureties from liability to it, such changes, if not authorized or participated in by plaintiff, will not defeat plaintiff's recovery on the payment bond, at least where the changes are not "so great as to amount to an abandonment of the contract and the substitution of a substantially different one, so that persons supplying labor and materials would necessarily be charged with notice of such abandonment" *(Equitable Sur. Co. v McMillan, supra,* p 458). Since any changes in the general contract effected by defendant would not operate, except as just noted, to discharge the liability of the sureties to plaintiff, it could not have suffered an injury by reason of defendant's conduct. Thus, there is no basis upon which to assert a claim for damages. Further, no contract of any kind exists between plaintiff and defendant and there is no recognized theory upon which defendant, as owner, might be held liable to plaintiff, as a third-party beneficiary. We recently stated, in a case arising out of the same construction project as the instant one, that where defendant had not undertaken liability toward plaintiff or other subcontractors either under the terms of the general contract or the payment bond, defendant owes plaintiff no duty such as would sustain a cause of action by plaintiff against it *(Schuler-Haas Elec. Corp. v Wager Constr. Corp.,* 57 AD2d 707). (Appeal from order and judgment of Monroe Supreme Court—dismiss complaint.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ. [91 Misc 2d 396.]