VINCENT FALCO, Respondent-Appellant, v ALLSTATE INSURANCE COMPANY, Appellant-Respondent. [894 NYS2d 643]—

Appeal and cross appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered September 12, 2008 in a personal injury action. The judgment and order granted in part and denied in part defendant's motion to dismiss the complaint.

It is hereby ordered that the judgment and order so appealed from is unanimously modified on the law by granting the motion in its entirety and dismissing the complaint and as modified the judgment and order is affirmed without costs.

Memorandum: Even accepting all of the facts alleged by plaintiff in his complaint as true and according him the benefit of every favorable inference, as we must in the context of defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (*see Leon v Martinez*, 84 NY2d 83, 86-87 [1994]; *Kumar v American Tr. Ins. Co.*, 49 AD3d 1353, 1354 [2008]), we conclude that Supreme Court properly granted that part of defendant's motion seeking dismissal of the cause of action alleging the violation of General Business Law § 349. Plaintiff failed to allege that "the acts or practices [complained of] have a broader impact on consumers at large" and thus failed to state a cause of action for the violation of that statute (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). We agree with defendant, however, that the court erred in denying that part of its motion seeking dismissal of the breach of contract cause of action, thereby granting the motion in its entirety. Plaintiff failed to allege facts sufficient to establish the existence of any agreement between the parties or between defendant and plaintiff's insurer. Thus, plaintiff failed to state a cause of action for breach of contract, inasmuch as "no contract of any kind exists between plaintiff and defendant and there is no recognized theory upon which defendant . . . might be held liable to plaintiff, as a third-party beneficiary" (*Area Masonry v Dormitory Auth. of State of N.Y.*, 64 AD2d 810, 811 [1978]). We therefore modify the judgment and order accordingly. Present—Centra, J.P., Peradotto, Green and Pine, JJ.